USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA TORRES, *individually and as administrator of the Estate of Rosa Pena and the Estate of Rosa Pena*,

Plaintiff,

-against-

MOUNT SINAI HOSPITAL, JANE DOE(S), and JOHN DOE(S),

Defendants.

1:24-cv-05769-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

Nearly five months ago, the Court put Plaintiff on notice that the operative Complaint does not adequately establish subject matter jurisdiction. [ECF No. 7]. The Court noted that "Plaintiff's Complaint does not appear to raise causes of action, to the extent they are available, under the referenced federal laws" and "[t]his Court does not have subject matter jurisdiction to hear Plaintiff's state negligence and medical malpractice claims pursuant to its diversity jurisdiction under 28 U.S.C. § 1332(a), because Plaintiff pleads that she and Defendant are citizens of the same state, New York." [ECF No. 7]. The Court explained that "[d]espite the lenient standards with which courts review *pro se* complaints, *pro se* plaintiffs must establish subject matter jurisdiction." [ECF No. 7] (citing *Smith v. Sch. of Visual Arts*, No. 15-CV-8049(RA), 2016 WL 3440553, at *2 (S.D.N.Y. June 9, 2016) (internal quotation marks omitted)).

Accordingly, the Court ordered Plaintiff to show cause by October 31, 2024 why this case should not be dismissed for lack of federal subject matter jurisdiction. [ECF No. 7]. Plaintiff filed a letter on the docket on October 18, 2024 requesting an extension of time to file a "rebuttal" to Defendant's Answer. [ECF No. 8]. The Court explained that Plaintiff is not required or even authorized under the Federal Rules of Civil Procedure to file a rebuttal or otherwise respond to

Defendant's Answer. [ECF No. 9]. The Court ordered Plaintiff to respond to the Order to Show Cause issued by the Court. [ECF No. 9]. No such response was timely filed on the docket. Instead, the Pro Se Office informed the Court that Plaintiff submitted a response in an improper format. As an accommodation to *pro se* Plaintiff, the Court caused the response to be filed on the docket. [ECF Nos. 10-11]. The letter stated that "The Federal Racketeer Influenced and Corrupt Organizations Act (RICO) applies here among other federal issues[.]" [ECF No. 10]. The Court determined that it was unclear from the letter whether Plaintiff intended to amend her Complaint to include a civil RICO claim. [ECF No. 12].

Thereafter, at a conference held on January 7, 2025, Plaintiff advised that she was an attorney, licensed to practice in New Jersey and that she would be moving for admission pro hac vice. [ECF No. 13]. She also requested leave to amend her Complaint. [ECF No. 13]. The Court directed Plaintiff to promptly move for *pro hac* admission and granted Plaintiff leave to amend her complaint on or before January 24, 2025. [ECF No. 13]. Plaintiff did not do so. Three days after the deadline to file an Amended Complaint, Plaintiff requested an extension of the deadline to file an Amended Complaint. [ECF No. 16]. The Court issued an order that noted Plaintiff's request was untimely, and admonished Plaintiff to follow the orders of the Court, but nevertheless granted Plaintiff's request. [ECF No. 16]. Pursuant to that Order, the Amended Complaint is now due on or before March 4, 2025. [ECF No. 16]. Plaintiff was warned that "failure to comply with this Order . . . may result in sanctions, including . . . dismissal or preclusion of claims[.]" [ECF No. 16].

The Court recently granted Plaintiff's motion to appear *pro hac vice*. [ECF Nos. 21–22]. Now that Plaintiff has appeared as an attorney in this case, Plaintiff is no longer entitled to the leniency the Court typically affords to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102

2

(2d Cir. 2010) (holding that "a lawyer representing himself ordinarily receives no [special] solicitude at all"); *Harbulak v. County of Suffolk,* 654 F.2d 194, 198 (2d Cir. 1981) (finding *pro se* attorneys typically "cannot claim the special consideration which the courts customarily grant to *pro se* parties").

Accordingly, considering Plaintiff's repeated requests for extensions and Plaintiff's continued failure to adequately establish subject matter jurisdiction, Plaintiff is on notice that failure to file an Amended Complaint on or before March 4, 2025 will result in the dismissal of this case.

**The parties are reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

SO ORDERED.

Date: **February 28, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**