USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA TORRES, *individually and as administrator of the Estate of Rosa Pena and the Estate of Rosa Pena*, <br><br> Plaintiff, <br><br> -against- <br><br> MOUNT SINAI HOSPITAL, JANE DOE(S), and JOHN DOE(S), <br><br> Defendants. | 1:24-cv-05769-MKV <br><br> **DISMISSAL ORDER** |

MARY KAY VYSKOCIL, United States District Judge:

On February 28, 2025 the Court issue an order explaining the following in more detail: (1) Plaintiff has been on notice that the operative Complaint does not adequately establish subject matter jurisdiction for nearly five months, (2) Plaintiff was permitted significant leniency due to her prior *pro se* status, (3) now that Plaintiff has appeared as an attorney in this case, Plaintiff is no longer entitled to the leniency the Court typically affords to *pro se* litigants, and (4) the Court will dismiss this case if Plaintiff fails to file an Amended Complaint on or before March 4, 2025. [ECF No. 23]. Plaintiff did not file an Amended Complaint by the March 4, 2025 deadline set by the Court. Accordingly, this case will be dismissed under both Rule 41(b) and Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See McLean v. City of New York*, No. 04 CIV. 8353 (SAS), 2007 WL 415138, at *1 (S.D.N.Y. Feb. 6, 2007).

First, as explained in prior Court orders, the operative complaint, which Plaintiff has failed to amend, fails to establish either diversity or federal question jurisdiction over the case. [ECF Nos. 7, 23]. Dismissal for lack of subject matter jurisdiction is therefore warranted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Second, the Court may dismiss this case pursuant to Rule 41(b). The Second Circuit has instructed a district court considering a Rule 41(b) dismissal to "weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Court finds that the first four *Lucas* factors weigh in favor of dismissal. The first *Lucas* factor weighs in favor of dismissal because Torres has repeatedly failed comply with court orders since this case was initiated, and she has twice failed to comply with Orders directing her to file an amended complaint. [ECF No. 23]; *see Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013) (finding that the first *Lucas* factor weighed in favor of dismissal where "instances of noncompliance occurred throughout" the life of the case). The second factor weighs in favor of dismissal because Torres was repeatedly warned that failure to comply with Court orders could result in dismissal, and specifically notified that if another failure to file an amended complaint establishing subject matter jurisdiction by the designated deadline would "result in the dismissal of this case." [ECF Nos. 13, 17, 23]. The third and fourth factors also weigh in favor of dismissal as Plaintiff has been on notice that the operative Complaint does not adequately establish subject matter jurisdiction since October 3, 2024, and has yet failed to remedy this defect, [ECF No. 7], and Defendant has expended resources seeking a resolution of the case against it [ECF No. 4, 14, 15]. *See Mitchell*, 708 F.3d at 468 ("further delays would continue to waste the time and resources" of the defendant, and "the court has a clear need to manage its docket").

The fifth factor—whether the court has considered lesser sanctions—also weighs in favor of dismissal. The Court is mindful that Rule 41(b) dismissal is "the harshest of sanctions," *Baptiste*, 768 F.3d at 217 (quoting *Mitchell*, 708 F.3d at 467), and "has harsh consequences for clients" who rely on counsel to help them prosecute their case, *id.* (quoting *LeSane*, 239 F.3d at 209). However, Torres is representing herself in this case, has failed to follow court Orders, and has been threatened with sanctions and warned to no avail that his case could be dismissed if she continued to fail to comply. [ECF Nos. 13, 17, 23].

For the foregoing reasons, this case is dismissed with prejudice. The Clerk of the Court is respectfully requested to close this case.

**SO ORDERED.**

**Date: March 11, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**