USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA TORRES, *individually and as administrator of the Estate of Rosa Pena and* the Estate of Rosa Pena,

Plaintiff,

-against-

MOUNT SINAI HOSPITAL, JANE DOE(S), and JOHN DOE(S),

Defendants.

---

1:24-cv-05769-MKV

**ORDER GRANTING MOTION FOR RECONSIDERATION AND AUTHORIZING FILING OF AMENDED COMPLAINT**

---

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, proceeding *pro se*, initiated this action on July 30, 2024. [ECF No. 1]. Defendant filed an answer. [ECF No. 5]. On October 3, 2024, the Court ordered Plaintiff to file a letter by October 31, 2024 showing cause why this case should not be dismissed for lack of federal subject matter jurisdiction. [ECF No. 7]. The Court noted that "Plaintiff's Complaint does not appear to raise causes of action, to the extent they are available, under the referenced federal laws" and "[t]his Court does not have subject matter jurisdiction to hear Plaintiff's state negligence and medical malpractice claims pursuant to its diversity jurisdiction under 28 U.S.C. § 1332(a), because Plaintiff pleads that she and Defendant are citizens of the same state, New York." [ECF No. 7]. The Court caused Plaintiff's letter in response to be filed on the docket. [ECF No. 10]. Thereafter, the Court scheduled a conference for January 7, 2025 at 11:30 AM in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. [ECF No. 12].

At the conference on January 7, 2025, Plaintiff advised that she was an attorney who is licensed to practice in New Jersey and that she would be moving for admission *pro hac vice*. [ECF

No. 13]. She also requested leave to amend her Complaint. [ECF No. 13]. The Court directed Plaintiff to promptly move for *pro hac* admission and granted Plaintiff leave to amend her complaint on or before January 24, 2025. [ECF No. 13]. Plaintiff did not do so. Three days after the deadline to file an Amended Complaint, Plaintiff requested an extension of the deadline to file an Amended Complaint. [ECF No. 16]. The Court issued an order that noted Plaintiff's request was untimely, and admonished Plaintiff to follow the orders of the Court, but nevertheless granted Plaintiff's request. [ECF No. 17]. Pursuant to that Order, the Amended Complaint was due on or before March 4, 2025. [ECF No. 17]. Plaintiff was warned that "failure to comply with this Order . . . may result in sanctions, including . . . dismissal or preclusion of claims[.]" [ECF No. 17].

Thereafter, the Court granted Plaintiff's motion to appear *pro hac vice*. [ECF Nos. 20–22]. On February 28, 2025, the Court issued a final warning explaining the following in more detail: (1) Plaintiff has been on notice that the operative Complaint does not adequately establish subject matter jurisdiction for nearly five months, (2) Plaintiff was permitted significant leniency due to her prior *pro se* status, (3) now that Plaintiff has appeared as an attorney in this case, Plaintiff is no longer entitled to the leniency the Court typically affords to *pro se* litigants, and (4) the Court will dismiss this case if Plaintiff fails to file an Amended Complaint on or before March 4, 2025. [ECF No. 23]. Plaintiff did not file an Amended Complaint by the March 4, 2025 deadline set by the Court.

Accordingly, on March 11, 2025, the Court issued an Order dismissing this case with prejudice for lack of subject matter jurisdiction and for failure to prosecute, pursuant to Rule 41(b). [ECF No. 24 (the "Dismissal Order")]. In dismissing the case for failure to prosecute, the Court considered "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether

2

plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *See* Dismissal Order at 2 (citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996))).

Twenty-four days later, on April 4, 2025, Ms. Torres filed a Notice of Appeal on the docket, advising the Court that she appealed the Dismissal Order. [ECF No. 25]. The same day, Plaintiff Torres filed a Motion for Reconsideration of the Dismissal Order and for to the Court to "accept an amended petition." [ECF No. 26]. Torres filed a handwritten declaration in support.[1] [ECF No. 27]. Torres argues in her motion for reconsideration that her delays in prosecuting the case were justified because of her obligations in two New York State malpractice cases that were ultimately dismissed. *Id.* Plaintiff adds at the end a notation that "[she] was also sick." *Id.* Plaintiff also extensively argues the merits of her case. *Id.* Plaintiff further argues that Defendants were not prejudiced by her delays. *Id.*

Thereafter, the Second Circuit filed a Notice of Required Case Status Update, which was also filed on the docket in this case. [ECF No. 28]. The Notice indicated that "[s]ince at least one motion cited in FRAP 4(a)4 has been filed in the district court this appeal is stayed pending resolution of the motion." [ECF No. 28].

Without leave of the Court, Plaintiff filed an amended complaint on the docket [ECF No. 29 ("Amended Complaint" or "Am. Compl.")], and filed a letter explaining that she filed an

---

[1] The first two pages of this document are framed as a declaration and are followed by several pages titled "Motion to Reconsider." [ECF No. 27]. In substance, this document is a memorandum of law in support of Plaintiff's motion for reconsideration.

amended complaint for the Court's review "if [the Court] should allow the case to proceed." [ECF No. 30].

Plaintiff now purports to bring discrimination claims under "Title VI, Title IX, and Title III of the Americans with Disabilities act (ADA), 42 U.S.C. § 12181 et seq.; Section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 794 (Disability); Section 1557 of the Patient Protection and Affordable Care Act (ACA), 42 U.S.C. § 18116; the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 290 et seq.; the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code § 8-101, et seq.; and the New York Public Health Law (N.Y. Pub. Health Law) § 2801 et seq." Am. Compl. at ¶ 1. Plaintiff seeks injunctive relief requiring Defendant Mount Sinai Hospital to "Implement a Hospital Plan - To Provide Medical Treatment to End Stage Renal Disease (ESRD) Patients by way of a slow dialysis, Sustained Low Efficiency Dialysis (SLED) and or Continuing Renal Replacement Therapy (CRRT) at their hospital." Am. Compl. at ¶ 4.

For the reasons stated below, Plaintiff's motion is GRANTED and the case is reopened.

Torres's motion does not identify a Federal Rule of Civil Procedure under which she is moving; however, because the motion was filed within 28 days after the final judgment in this case, the Court construes her motion to reconsider as a motion to alter or amend a judgment under Rule 59(e). *Richards v. United States*, No. 09 CR 562 HB, 2012 WL 70344, at *1 (S.D.N.Y. Jan. 9, 2012) (construing a motion to reconsider filed within twenty-eight days after a final judgment as a motion pursuant to Rule 59(e)); *De La Rosa v. Rocco*, No. 07 CIV.7577 PKC KNF, 2011 WL 2421283, at *2 (S.D.N.Y. June 8, 2011) (same); *Lora v. O'Heaney*, 602 F.3d 106, 108 n.1 (2d Cir. 2010) (explaining that Rule 59(e) previously required that a motion to alter or amend a judgment must be filed within 10 days of the entry of a final judgment but was amended in 2009 to allow a

motion within 28 days of a final judgment); *cf. United States v. Clark,* 984 F.2d 31, 32 (2d Cir. 1993) (explaining that a motion to reconsider a final judgment "is to be treated as a Rule 59(e) motion if filed within ten days of entry of the challenged order").

Typically, the fact that Torres filed a notice of appeal would "confer[] jurisdiction on the court of appeals and divest[] the district court of its control over those aspects of the case involved in the appeal." *United States v. Jacques*, 6 F.4th 337, 342 (2d Cir. 2021). However, under the Federal Rules of Appellate Procedure, if a party files a timely Rule 59(e) motion, then a notice of appeal filed afterward does not become "effective" until after the district court rules on the Rule 59(e) motion and the notice of appeal does not divest this court of its jurisdiction over the case. *Green v. Show,* No. 1:22-CV-0237 (LTS), 2022 WL 1086614, at *2 (S.D.N.Y. Apr. 11, 2022) (citing Fed. R. App. P. 4(a)(4)(A)(iv) and citing Fed. R. App. P. 4(a)(4)(B)(i)).

"'The standards for relief' under Rule 59(e) are 'identical' to those for motions for reconsideration under Local Civil Rule 6.3." *Yelle v. Mount St. Mary Coll.*, No. 18-CV-10927 (PMH), 2021 WL 311213, at *2 (S.D.N.Y. Jan. 29, 2021), *aff'd sub nom. Yelle v. Mount Saint Mary Coll.*, No. 21-480-CV, 2022 WL 1715979 (2d Cir. May 27, 2022) (quoting *Levitant v. Workers Comp. Bd. of New York*, No. 16 CIV. 6990 (ER), 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019). "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). A "motion for reconsideration should be granted only when the [movant] identifies [1] 'an intervening change of controlling law, [2] the availability of new evidence, or [3] the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). However, whether to grant or deny a motion

5

brought under Rule 59(e) is within "the sound discretion of the district court." *Levitant v. Workers Comp. Bd. of New York*, No. 16 CIV. 6990 (ER), 2019 WL 5853438, at *2 (S.D.N.Y. Nov. 8, 2019) (quoting *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08 Civ. 5048 (HB), 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009)).

Torres identifies no intervening change of law or newly available evidence. However, she does explain that her ability to file an amended complaint by the deadline ordered by this Court was hindered by her obligations in two New York State cases and that she was ill. [ECF No. 27]. Further, in Plaintiff's proposed Amended Complaint, Torres brings several causes of action pursuant to federal statutes, establishing federal question jurisdiction. *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010).

In order avoid manifest injustice, this Court, in its discretion, HEREBY GRANTS Plaintiff's motion for reconsideration and reopens the case.

IT IS FURTHER ORDERED that Defendant shall answer or otherwise respond to the Amended Complaint on or before January 16, 2026.

Plaintiff is on notice that if she continues to disobey the orders of this Court, fails to comply with the Federal Rules of Civil Procedure, the Local Rules, this Court's Individual Rules of Practice in Civil Cases, or fails to diligently prosecute her case, she may face sanctions, including monetary sanctions, preclusion of claims, defenses, evidence, and motion practice, and her case could be dismissed with prejudice. *See Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53

(2d Cir. 2018) (A District Court has an "'inherent power' and responsibility to manage its docket 'so as to achieve the orderly and expeditious disposition of cases.'").

The Clerk of Court respectfully is requested to terminate the motion at docket entry 26.

**SO ORDERED.**

Date:  **December 19, 2025**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**